**Fred DURAN, Plaintiff—Appellant,**

**v.**

**ORANGE COUNTY, a governmental entity, Defendant—Appellee.**

**No. 01–56702.**

**D.C. No. CV–01–00405–DOC.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002.*

Decided June 4, 2002.

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Fred Duran appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The existence of subject matter jurisdiction is a question of law we review de novo. *Ahmed v. Washington*, 276 F.3d 464, 467 (9th Cir.2001) (citing *Garvey v. Roberts*, 203 F.3d 580, 587 (9th Cir.2000)). Because the claims Duran raised required the district court to review state court judgments, the district court correctly concluded that, under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction over the action. *See Ahmed*, 276 F.3d at 467; *see*

---

**1.** Phillips' Motion to Strike the Reply Brief of the United States Attorney is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*generally, Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

AFFIRMED.

BOOCHEVER, Circuit Judge, concurring in part and dissenting in part.

BOOCHEVER, Circuit Judge.

Duran complains of a forged document contained in the files of the Orange County Small Claims Court. He raises three causes of action. Duran's second and third causes of action ask the district court to determine that the document in question is a forgery and order the County to remedy the situation. I agree with the majority that these claims were properly dismissed for lack of subject matter jurisdiction. The district court found that the authenticity of the alleged forgery had already been litigated in the state courts. Duran offers no evidence, such as opinions or documents from the state courts, to suggest that the district court's findings were incorrect. Accordingly, in order to provide the relief Duran requests in his second and third causes of action, the district court would have to review and overturn the state courts' decisions regarding the authenticity of the document. The district court lacked jurisdiction to do this under the *Rooker–Feldman* doctrine.

On the other hand, I believe the district court had jurisdiction over Duran's first cause of action, a due process claim under 42 U.S.C. § 1983. Duran argues that California law gives him the right to petition the court about the alleged forgery, but that employees of the Orange County Court prevented him from doing so. This is sufficient to state a claim under federal

law. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ("[T]he Fourteenth Amendment's Due Process Clause ... prevent[s] the States from denying potential litigants use of established adjudicatory procedures, when such an action would be the equivalent of denying them an opportunity to be heard upon their claimed rights."). Moreover, it was not necessary for the district court to review the state court's judgment in order to consider this claim. Regardless of the authenticity of the document, the heart of Duran's § 1983 claim is that employees of the Orange County Court refused him access to the court. I would therefore reverse the district court's dismissal of Duran's first cause of action.